**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL CUNNINGHAM**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-59-L** |
| | § | |
| **CITY OF BALCH SPRINGS, JAMES** | § | |
| **YOUNG, JONATHAN HABER,** | § | |
| **WILLIAM MORRIS a/k/a Ed Morris,** | § | |
| **and EDWARD ORTEGA,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendant City of Balch Springs' 12(b)(6) Motion to Dismiss; and Defendants Young, Haber & Morris' 12(b)(6) Motion to Dismiss, Alternative Motion for Rule 7a Reply, both filed January 9, 2014. After careful review of the motions and briefs, response brief, reply, record, and applicable law, the court **grants** Defendant City of Balch Springs' 12(b)(6) Motion to Dismiss; **grants** Defendants Young, Haber & Morris' 12(b)(6) Motion to Dismiss; **denies as moot** the Alternative Motion for Rule 7a Reply; and **orders** Plaintiff to file an amended pleading.

**I.     Background**

Michael Cunningham ("Plaintiff" or "Cunningham") originally filed this action on November 27, 2013, in the 14th Judicial District Court, Dallas County, Texas, against the City of Balch Springs ("the City"), James Young ("Young"), Jonathan Haber ("Haber"), William Morris, a/k/a Ed Morris ("Morris") (collectively, the "Individual Defendants"), and Edward Ortega ("Ortega"). The City, Young, Haber, and Morris removed this action to federal court on January

9, 2014, on the basis that the action involves a federal question. All Defendants, except Ortega, have filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The City and Individual Defendants contend that Plaintiff's federal claims are inadequately pleaded and should be dismissed for failure to state a claim. Defendants contend that the state law claims asserted against the Individual Defendants should be dismissed pursuant to the Texas Tort Claims Act. Defendants further contend that the state malicious prosecution claim is barred by the one-year statute of limitations. Defendants also contend that Plaintiff's claims against the Individual Defendants should be dismissed because they are barred by qualified immunity or, alternatively, contend that Plaintiff should be required to file a reply to the defense pursuant to Federal Rule of Civil Procedure 7(a)(7). Finally, Defendants contend that exemplary damages are barred against the City and Individual Defendants in their official capacities.

Plaintiff opposes the motion to dismiss. He contends that his claims are adequately pleaded to withstand a motion to dismiss. He also contends that his state law claims against Defendants are not brought pursuant to the Texas Tort Claims Act but pursuant to the common law of the State of Texas, and that they therefore should not be dismissed. Finally, Plaintiff contends that his punitive damages claims should be decided by a jury and not dismissed.

## II. Standards

### A. Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content

**Memorandum Opinion and Order – Page 2**

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court

**Memorandum Opinion and Order – Page 3**

in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### B.     Qualified Immunity

Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate "clearly established statutory or constitutional rights of which a

**Memorandum Opinion and Order – Page 4**

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A defendant official must affirmatively plead the defense of qualified immunity. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Defendants Young, Haber, and Morris have pleaded this defense.

In deciding a dispositive motion that raises the defense of qualified immunity, the Supreme Court initially set forth a mandatory two-part inquiry for determining whether a government official was entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Under *Saucier*, a court must determine first whether the facts alleged or shown are sufficient to make out a violation of a constitutional or federal statutory right. If the record sets forth or establishes no violation, no further inquiry is necessary. On the other hand, if the plaintiff sufficiently pleads or establishes that a violation could be made out, the court must determine whether the right at issue was clearly established at the time of the government official's alleged misconduct. *Id.* The Court relaxed this mandatory sequence in *Pearson v. Callahan*, 555 U.S. 223 (2009), and stated, "[W]hile the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory," and judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236. The second prong of the test "is better understood as two separate inquiries: whether the allegedly violated constitutional right[] [was] clearly established at the time of the incident; and if so, whether the conduct of the defendant[] [official] was objectively unreasonable in light of then clearly established law." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (internal quotation marks and citations omitted); *see also Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999); *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996).

**Memorandum Opinion and Order – Page 5**

Ordinarily, one who pleads an affirmative defense must establish his entitlement to such defense. In the context of qualified immunity, however, this burden varies from the norm. In this circuit, the rule is as follows:

> Where . . . [a] defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law. We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs.

*Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (internal quotations and citations omitted); *see also Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

A right is "clearly established" only when its contours are sufficiently clear that a reasonable public official would have realized or understood that his conduct violated the right in issue, not merely that the conduct was otherwise improper. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994). Thus, the right must not only be clearly established in an abstract sense but in a more particularized sense so that it is apparent to the official that his actions [what he is doing] are unlawful in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. at 640; *Stefanoff v. Hays County*, 154 F.3d 523, 525 (5th Cir. 1998); and *Pierce v. Smith*, 117 F.3d at 871.

In *Anderson*, 483 U.S. at 641, the Court refined the qualified immunity standard and held that the relevant question is whether a reasonable officer or public official *could have believed* that his conduct was lawful in light of clearly established law and the information possessed by him. If public officials or officers of "reasonable competence could disagree [on whether the conduct is legal], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (*citing Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)).

**Memorandum Opinion and Order – Page 6**

Qualified immunity is designed to protect from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. at 341. Conversely, an official's conduct is not protected by qualified immunity if, in light of clearly established pre-existing law, it was apparent the conduct, when undertaken, would be a violation of the right at issue. *Foster*, 28 F.3d at 429. To preclude qualified immunity, it is not necessary for a plaintiff to establish that "the [specific] action in question has previously been held unlawful." *Anderson*, 483 U.S. at 640. For an official, however, to surrender qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Pierce v. Smith*, 117 F.3d at 882; *Stefanoff v. Hays County*, 154 F.3d at 525.

In cases involving claims of qualified immunity, it is often appropriate to require a plaintiff to file a detailed reply to address the plea of qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply." *Id.* A plaintiff generally must be given the opportunity to reply with greater specificity in such cases before the court rules on a defendant's dispositive motion. *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1996).

A reply, however, is only required when the claims in the complaint are not supported "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea*, 47 F.3d at 1434. If "the pleadings on their face show an unreasonable violation of a clearly established constitutional right," assertion

**Memorandum Opinion and Order – Page 7**

of a qualified immunity defense is insufficient to sustain a Rule 12(b)(6) motion to dismiss. *Shipp v. McMahon*, 234 F.3d 907, 912 (5th Cir. 2000).

### III.   The City's Motion to Dismiss

#### A.   Federal Claims

From what the court can ascertain from the pleadings, Plaintiff contends that he was arrested pursuant to a warrant that was not based on probable cause. He contends that a false affidavit was filed to obtain the warrant for his arrest. Plaintiff also contends that Defendants engaged in a retaliatory prosecution against him for exercising his rights guaranteed by the First Amendment to the United States Constitution. Cunningham contends that the actions of Young and Haber were done pursuant to a custom, policy, or practice authorized by Morris in his capacity as chief of police and city manager of the City. Plaintiff further alleges that:

> The constitutional violations as alleged herein resulted from the policy, practice, or custom of the officers of the City of Balch Springs, acting under the direction, leadership and authority of Morris, as Chief of Police and City Manager of the City of Balch Springs, of disregarding the rights of individuals, by failing to follow established procedures for obtaining warrants, conducting interrogations, detentions, and performing arrests.

Pl.'s Orig. Pet. 6-7.

#### 1.   Applicable Law

It is well-settled law that a section 1983 lawsuit brought against a municipality for the deprivation of a constitutional or federally protected right must be based upon an official policy or custom of that municipality. *Board of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). Official policy is defined as:

**Memorandum Opinion and Order – Page 8**

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city's] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of [city] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [city] or to an official to whom that body had delegated policy-making authority.

*Id.*

Liability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official. *Bennett*, 728 F.2d 762, 769 (5th Cir. 1984). The official complained of must possess

> [f]inal authority to establish [city] policy with respect to the action ordered. . . . The official must also be responsible for establishing final government policy respecting such activity before the [city] can be held liable. . . . [W]hether an official had final policymaking authority is a question of state law.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-482 (1986). An employee, agency, or board of a governmental entity is not a policymaker unless the governmental entity, through its lawmakers, has delegated exclusive policymaking authority to that employee agency or board and *cannot* review the action or decision of the employee, agency or board. *See City of St. Louis v. Praprotnik*, 485 U.S. 112,127 (1988); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1340-41 (5th Cir. 1989).

To support a constitutional or federal claim based on a policy or custom of a city, a plaintiff must plead facts that show: "1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996) (citation omitted).

**Memorandum Opinion and Order – Page 9**

### 2. Analysis

As is apparent from Plaintiff's pleadings, his allegations against the City are conclusory and general. "The description of a policy or custom and its relationship to the underlying violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citation omitted). Cunningham's pleadings are not a model of pellucid draftsmanship and are woefully deficient in this regard. Thus, he has failed to state a claim upon which relief can be granted against the City. As Plaintiff has not previously amended his pleadings, the court will allow him to replead his claims against the City or any individual he believes is a policymaker for the City.

Plaintiff also seeks punitive or exemplary damages against the City regarding his section 1983 claims. The City contends that it is immune from punitive or exemplary damages and that such damages are not recoverable against it. The court agrees. A municipality is immune from punitive damages regarding claims brought pursuant to section 1983. *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, the court holds that Plaintiff may not recover punitive damages against the City on any of his federal claims brought pursuant to section 1983.

### B. State Claims

Cunningham asserts a state law claim of intentional infliction of emotional distress against the City. Pl.'s Orig. Pet. 6, ¶ 21. The City contends that this claim is barred by sovereign immunity.* The court agrees that the City is entitled to governmental immunity on this claim.

---

* Courts and practitioners often use the terms "sovereign immunity" and "governmental immunity" synonymously. The terms, however, are *not* the same. "Sovereign immunity" pertains to the State of Texas's immunity from suit and liability. On the other hand, "governmental immunity" shields cities, counties, school districts and other political subdivisions of the State from suit and liability. *Wichita Falls*

**Memorandum Opinion and Order – Page 10**

Moreover, a city is immune from suit regarding intentional torts. The Texas Tort Claims Act (the "Act") shields municipalities from suits arising from intentional torts committed by [their] employees." *Gillum v. City of Kerrville*, 3 F.3d 117, 121 (5th Cir. 1993) (citation omitted); Tex. Civ. Prac. & Rem. Code § 101.057(2) (2011) ("This chapter does not apply to a claim arising out of assault, battery, false imprisonment, or any other intentional tort . . . ."). As intentional infliction of emotional distress is an intentional tort, the City is entitled to governmental immunity on this claim. The City is also immune from Plaintiff's claim of false imprisonment. Finally, as to the statute of limitations defense regarding malicious prosecution, the court lacks sufficient information to make a ruling.

The City contends that it cannot be liable for punitive damages as to any state law claim asserted by Plaintiff, as punitive damages are barred by "sovereign immunity." Given the state of Plaintiff's pleadings, the only state law claim pleaded with any specificity against the City is that of intentional infliction of emotional distress. As the court has ruled that the City, as a matter of law, cannot be liable on this claim and false imprisonment, the issue of punitive damages is quite beside the point.

**IV.   Individual Defendants Motion to Dismiss**

    **A.   Federal Claims**

With respect to the federal claims Cunningham sets forth conclusory and unspecific allegations. First, he contends that Defendants "invaded Plaintiff's right to not have his integrity violated; maliciously prosecuted him; engaged in a retaliatory prosecution against him in violation of his right of freedom of expression under the First Amendment; falsely imprisoned him; and

---

*State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (citations omitted). As this action involves a city, the court uses the term "governmental immunity."

**Memorandum Opinion and Order – Page 11**

violated his right to due process under the Fourteenth Amendment. Essentially for the reasons set forth by the Individual Defendants, the court determines that Plaintiff's Original Petition is lacking in specificity to overcome the qualified immunity defense asserted by them. The court set out in detail in section II(B) what is necessary to overcome a defense of qualified immunity. Plaintiff's pleadings fall below this standard. Plaintiff's pleadings at best infer a possibility of wrongdoing on the part of the Individual Defendants; however, pleadings fall short of stating a claim upon which relief can be granted if the court can only infer the "mere possibility of wrongdoing." *Iqbal*, 556 U.S. at 679. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against the Individual Defendants regarding his federal claims. The court, however, will allow Plaintiff to replead his federal claims against the Individual Defendants.

### B.     State Law Claims against Individual Defendants

The Individual Defendants, as employees of the City, seek dismissal of Plaintiff's state law claims of false arrest and intentional infliction of emotional distress. Because Cunningham filed suit under the Act against the City and the Individual Defendants, the Individual Defendants as employees must be dismissed immediately once the governmental entity files a motion to dismiss. Tex. Civ. Prac. & Rem. Code § 101.106(e) (West 2011). Section 101.106 applies to "all tort theories alleged against a governmental unit." *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d 653, 659 (Tex. 2008); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 463 (5th Cir. 2010) (citation omitted). As the City and the Individual Defendants have filed motions to dismiss, dismissal of these claims against the Individual Defendants is mandatory.

### V.     Conclusion

For the reasons herein stated, the court **grants** Defendant City of Balch Springs' 12(b)(6) Motion to Dismiss; and **grants** Defendants Young, Haber & Morris' 12(b)(6) Motion to Dismiss.

**Memorandum Opinion and Order – Page 12**

Plaintiff **shall replead** his federal claims against the City and the Individual Defendants in accordance with the standards herein set forth. Plaintiff shall file his amended pleading by **October 21, 2014**. Failure of Plaintiff to replead by this date and in accordance with the court's instructions will subject this action to dismissal under Rule 12(b)(6) or Rule 41(b).

The state law claims of intentional infliction of emotional distress and false imprisonment are **dismissed with prejudice** against the City and the Individual Defendants. Further Plaintiff's claims for punitive damages against the City and the Individual Defendants on the federal and state law claims are **dismissed with prejudice**. The court **denies** the dismissal of the malicious prosecution claim. Further, the court **denies as moot** the Alternative Motion for Rule 7a Reply.

**It is so ordered** this 30th day of September, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 13**