IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-59-L** |
| | § | |
| CITY OF BALCH SPRINGS, JAMES YOUNG, JONATHAN HABER, WILLIAM MORRIS a/k/a Ed Morris, and EDWARD ORTEGA, | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for New Trial (Doc. 35), filed July 17, 2015, which the court construes as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Plaintiff seeks reconsideration of the court's June 19, 2015 memorandum opinion and order (Doc. 33) in which the court granted Defendant City of Balch Springs' 12(b)(6) Motion to Dismiss; granted the Rule 12(b)(6) Motion to Dismiss by Defendants Young, Haber, and Morris; and remanded Plaintiff's remaining state law claim against Defendant Edward Ortega to the 14th Judicial District Court, Dallas County, Texas. After considering Plaintiff's motion, Defendants' response, the record, and applicable law, the court **grants in part** and **denies in part** Plaintiff's Motion for New Trial.

**I.    Applicable Legal Standard**

Pursuant to Federal Rule of Civil Procedure 59(e), "[a] motion to amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Plaintiff filed his Motion for New Trial 28 days after the court's June 19, 2015 memorandum opinion and order.

**Memorandum Opinion and Order - Page 1**

Federal Rule of Civil Procedure 59(e), therefore, applies. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) ("If [a] motion is [filed] within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is [filed] after that time, it falls under Rule 60(b).") (footnote omitted),[1] *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit

---

[1] In 2009, Rule 59(e) was amended, and the amendment changed the period of time to file a motion from 10 days to 28 days; however, this amendment does not affect the substantive holding of *Lavespere*.

**Memorandum Opinion and Order - Page 2**

has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**II.     Analysis**

    **A.     The Parties' Arguments**

Plaintiff contends that the court erred in granting the motions to dismiss filed by the City of Balch Springs, James Young, Jonathan Haber, and William Morris. Plaintiff asserts that the allegations in his Amended Complaint are sufficient to show that his arrest was improper, and that the warrant obtained for his arrest was improperly secured. In this regard, Plaintiff contends:

> With all of the allegations contained in [his] Amended Complaint regarding the assault, the report of the assault, the interrogation of Plaintiff, the evidence supporting Plaintiff's contentions and the arrest of Plaintiff for making a false report, the Court erred in its analysis of the facts by failing to recognize that the arrest and detention of [Plaintiff] resulted from police officers with the City of Balch Springs Police Department improperly obtaining an arrest warrant for [his] arrest in violation of the Fourth Amendment of the Constitution of the United States of America.

Pl.'s Br. in Supp. of Mot. for New Trial.

Defendants respond that Plaintiff's motion is "little more than a regurgitation of the 'facts' and allegations in his Amended Complaint" that the court determined were insufficient in ruling on their motions to dismiss. Defendants contend that Plaintiff's motion does not address or overcome any of the various pleading deficiencies previously identified by the court. Defendants, therefore, contend that Plaintiff's Motion for New Trial should be denied.

    **B.     Discussion**

In its June 19, 2015 memorandum opinion and order, the court explained the reasons why Plaintiff's pleadings in his Amended Complaint were deficient. Mem. Op. & Order (Doc. 33). In the interest of brevity, the court incorporates by reference its June 19, 2015 memorandum opinion and order as if herein fully set forth verbatim. Having carefully considered the arguments made in

Plaintiff's motion and Defendants' response, and under applicable law, the court concludes that Plaintiff's motion should be denied insofar as Plaintiff seeks to alter or amend the court's judgment dismissing his claims against the City of Balch Springs and William Morris ("Morris"), a supervisory official, and granted insofar as he seeks to alter or amend the court's judgment dismissing his § 1983 claims against Officers Young and Haber.[2]

### 1. *Defendants City of Balch Springs and Morris*

As Defendants correctly argue, Plaintiff's motion does not address the numerous pleading deficiencies identified by court with regard to the allegations in the First Amended Complaint pertaining to the City of Balch Springs and Morris. Further, Plaintiff fails to explain why the allegations in his Amended Complaint are sufficient to overcome the deficiencies noted by the court. Additionally, Plaintiff does not contend that the court misapplied the law to the facts of this case as alleged by him. Plaintiff has, therefore, failed to meet his burden of clearly establishing a manifest error of law or fact as required for relief under Rule 59 with regard to the court's decision to dismiss his claims against the City of Balch Springs and Morris. *See Simon*, 891 F.2d at 1159. With regard to these Defendants, Plaintiff's motion is an improper attempt to relitigate matters that were resolved to his dissatisfaction. *See Forsythe*, 885 F.2d at 289. Accordingly, the court denies Plaintiff's motion with regard to the City of Balch Springs and Morris.

---

[2] On November 9, 2015, the court directed the parties to file supplemental briefing on the application, if any, of the Fifth Circuit's decision in *Cole v. Carson*, 802 F.3d 752 (5th Cir. 2015), on Plaintiff's Motion for New Trial. The court has considered the briefing and concluded that the *Cole* opinion has no application with respect to the resolution of Plaintiff's pending motion.

**Memorandum Opinion and Order - Page 4**

### 2.   *Officers Haber and Young*

With regard to Plaintiff's § 1983 claims against Officers Haber and Young, however, the court concludes that Plaintiff's motion should be granted.  Plaintiff's § 1983 claim against Defendants Haber and Young is premised on their alleged roles in procuring the warrant with false information that led to his arrest, which Plaintiff contends was without probable cause in violation of the Fourth Amendment.  With regard to Young's and Haber's role in procurement of the arrest warrant, Plaintiff alleges that "upon further investigation and discovery, evidence will show that Young and/or Haber and/or other police officers with the City of Balch Springs Police Department knowingly filed a false affidavit to secure an arrest warrant for [Plaintiff's] arrest when the affiant(s) 1) knew it was false, or 2) would have known it was false had the affiant not recklessly disregarded the truth."  Pl.'s Am. Compl. ¶ 29.  Plaintiff further alleges that even though the One Stop video corroborates his assault claim, "somehow, the Balch Springs police secured an arrest warrant to have [Plaintiff] arrested for making a false report" and "[p]resumably the warrant was obtained by sworn statements made by Balch Springs police officers in an affidavit, claiming that [Plaintiff] made a false report to the police regarding the assault by Ortega." *Id.* ¶¶ 30-31.  Plaintiff also alleges that, "upon further investigation and discovery the evidence will show that the warrant for arrest was obtained by Young and/or Haber and/or other City of Balch Springs police officers after they knowingly and intentionally, or with reckless disregard for the truth, presented to a Judge an affidavit that contained misleading and/or incorrect assertions of fact." *Id.* ¶ 33.

Upon reconsideration, the court concludes that at the motion-to-dismiss stage of these proceedings, and upon further review of the allegations in the First Amended Complaint pertaining to Officers Haber and Young, Plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Further, under these circumstances, the district court may "allow

**Memorandum Opinion and Order - Page 5**

discovery necessary to clarify those facts upon which the immunity defense turns." *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995); *see also Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir,. 1987). The court will reassess whether these officers are entitled to qualified immunity after limited discovery necessary to clarify the facts relevant to this inquiry. Such discovery shall be "narrowly tailored to uncover only those facts needed to rule on the immunity claims[.]" *Lion Boulos*, 834 F.2d at 507.

### III. Conclusion

For the reasons herein stated, the court **grants in part** and **denies in part** Plaintiff's Motion for New Trial (Doc. 35). Specifically, the court **grants** the motion with regard to Plaintiff's § 1983 claims against Officers Young and Haber, and **denies** the motion in all other respects. Accordingly, the court **vacates** those parts of its Memorandum Opinion and Order, and Judgment, both dated June 19, 2015, holding that Defendants Haber and Young were entitled to qualified immunity, dismissing them as defendants from this action, and rendering judgment in their favor.

It is hereby **ordered** that discovery may proceed with regard to Plaintiff's § 1983 claims against Officers Haber and Young, *but the discovery must be narrowly tailored to clarify those facts upon which the qualified immunity defense turns and must be reasonably calculated to assist the court in determining whether Officers Haber and Young are entitled to qualified immunity at this stage of the litigation*. All such discovery shall be completed by **March 21, 2016.** Any motion for dismissal or summary judgment based on qualified immunity shall be filed by **May 2, 2016.**

**It is so ordered** this 20th day of January, 2016.

                                              Sam A. Lindsay  
                                              United States District Judge