IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-59-L** |
| | § | |
| CITY OF BALCH SPRINGS, JAMES | § | |
| YOUNG, JONATHAN HABER, | § | |
| WILLIAM MORRIS a/k/a Ed Morris, | § | |
| and EDWARD ORTEGA, | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

On March 31, 2017, the court issued a memorandum opinion and order in this case denying Defendants' Motion for Summary Judgment (Doc. 61), and stating:

> In sum, viewing all the evidence in the light most favorable to Cunningham, the nonmoving party, and in light of the videotapes in the record that flatly contradict the evidence submitted by the Officers, the court determines that Cunningham has raised a genuine dispute of material fact as to whether the Officers acted in an objectively unreasonable fashion under clearly established law by providing knowingly false information in support of a warrant that resulted in Cunningham's arrest. As such, the court concludes that the Officers are not entitled to summary judgment based on qualified immunity at this time. Rather, this matter will be tried before a jury that will be tasked with hearing the evidence, making credibility determinations, and determining whether Cunningham prevails on his constitutional claim and whether the Officers are entitled to qualified immunity.

Mem. Op. & Order at 17 (Doc. 61). The court issues this supplemental memorandum opinion and order to expound on certain key points.

First, having examined closely the Affidavit for Arrest Warrant or Capias (*see* Defs.' App. 7-10), it is clear that, absent the false statements in the affidavit attributable to Officer Young, a

**Supplemental Memorandum Opinion and Order - Page 1**

neutral and detached magistrate would have found the Affidavit for Arrest Warrant or Capias lacking in probable cause to issue an arrest warrant for Cunningham. These false statements include Young's statement that Cunningham, while being questioned by Officers Haber and Young, admitted "that he lied when he said Defendant Ortega swung the tire tool at him." *Id.* at 10. At no point in the videotape of the interrogation can Cunningham be heard to "confess" or admit that he lied when he said that Defendant Ortega "swung" a tire iron at him. *See* Pl.'s App. Ex. D ("Interrogation Video"). Further, the videotape taken of the incident at the One Stop convenience store ("One Stop videotape") clearly shows Defendant Ortega lifting the tire iron over his head and coming at Cunningham, in contradiction to Officer Young's statement in support of the Affidavit for Arrest Warrant or Capias that the videotape shows Ortega lifting the tire iron "as he flinches his body forward." *Id.* at 10. Absent these false statements by Officer Young, the Affidavit for Arrest Warrant or Capias would not support a finding that probable cause existed to issue an arrest warrant for Cunningham.

Second, having closely examined the One Stop videotape, the court concludes that a reasonable and objective officer, if confronted with an individual approaching him or her with a tire iron in the manner displayed by Ortega on the One Stop videotape, would have felt threatened with imminent serious bodily injury. *See* Tex. Penal Code Ann. § 22.01(a)(2). Under these circumstances, it goes without saying that an officer or any other person faced with the same situation would have been justified in using force to defend against the assault. Further, in light of the One Stop videotape, notwithstanding that Cunningham used the term "swung," instead of "brandished" or some other more appropriate verb, it was objectively unreasonable for Officer

**Supplemental Memorandum Opinion and Order - Page 2**

Young to conclude that probable cause existed to arrest Cunningham for filing a false report.[1]  As previously stated, Officer Young placed artificially narrow limitations on the word "swung."  One synonym for "swing" is "brandish."  Brandish means "to exhibit in an ostentatious or aggressive manner."  Merriam-Webster's Collegiate Dictionary 150 (11th ed. 2014).  As the One Stop videotape evidences, Ortega exhibited and directed the tire tool toward Cunningham in an aggressive manner.

Third, the Officers do not challenge that, if the allegations in the First Amended Complaint are true, Cunningham has stated a violation of clearly established law under the Fourth Amendment.  *See* Defs.' Summ. J. Br. ¶ 9.  As characterized by the Officers, Plaintiff's "claim is, in essence, an allegation of a *Franks* violation."  *Id.* (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)).[2]  The Officers also recognized that liability may extend to them, even though they did not present the warrant affidavit.  *See id.* (Although "[n]either Defendant executed the affidavit resulting in the issuance of an arrest warrant [ . . .] the affidavit was based upon investigation by Defendants.") (citing *Malley v. Briggs*, 475 U.S. 1104, 1113-14 (1986), as extended by *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005)).

---

[1] Pursuant to Texas Penal Code Annotated § 37.08 (False Report to Peace Officer, Federal Special Investigator, or Law Enforcement Employee):

(a) A person commits an offense if, with intent to deceive, he knowingly makes a false statement that is material to a criminal investigation and makes the statement to:

(1) a peace officer conducting the investigation; or
(2) any employee of a law enforcement agency that is authorized by the agency to conduct the investigation and that the actor knows is conducting the investigation.

Tex. Penal Code Ann. § 37.08.

[2] In *Franks v. Delaware,* 438 U.S. 154 (1978), the Supreme Court held that if an officer, in an affidavit supporting a warrant, makes a false statement knowingly and intentionally, or with reckless disregard for the truth, the false statements must be disregarded in determining whether the affidavit is sufficient to support a finding of probable cause.  *Id.* at 171-72. The holding in *Franks* applies to omissions as well.  *United States v. Thompson,* 615 F.2d 329 (5th 1980).

**Supplemental Memorandum Opinion and Order - Page 3**

Fourth, while the evidence shows that Officer Haber played a role in investigating whether Cunningham made a false report, and that he and Officer Young both questioned Cunningham, the evidence does not show that Officer Haber provided any information, false or otherwise, in support of the Affidavit for Arrest Warrant or Capias. Nevertheless, in moving for summary judgment based on qualified immunity, Officer Haber never made these arguments. Officers Haber and Young filed the same motion for summary judgment based on the same facts and arguments. Under these circumstances, the issue of whether Office Haber was entitled to summary judgment based on qualified immunity, separate and apart from Officer Young, was never properly joined.

Finally, Defendants have attached the Affidavit of Kelley E. Stone ("Stone") to support their Motion for Summary Judgment. Defendants, however, have failed to establish that Stone is qualified to testify as an expert under the Federal Rule of Evidence 702. Further, whether the Defendants acted in an objectively reasonable manner is a fact question for the jury, and the court does not find Stone's testimony helpful in deciding the summary judgment motion.

**It is so ordered** this 3rd day of April, 2017.

_____
Sam A. Lindsay
United States District Judge